UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Visto Corporation d/b/a Good Technology Patent Litigation | 1:11 CV 5529 (JSR) (JLC)<br>*Consolidated with 1:12 CV 01698 (JSR)*<br><br>Jury Trial Demanded |

**CORRECTED MEMORANDUM OF LAW IN SUPPORT OF
EXCITOR'S MOTION TO LIMIT VISTO'S ASSERTED PATENT CLAIMS TO TEN**

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ................................................................................................................ 1

II. EXCITOR INCORPORATES BY REFERENCE THE MOTION TO LIMIT THE NUMBER OF CLAIMS ASSERTED IN THE NORTHERN DISTRICT OF TEXAS ACTION ........................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 2

   A. To Avoid Massive Wasted Effort, The Court Should Limit the Number of Claims Asserted by Visto Before the Claim Construction Hearing ...................... 2

   B. Under Nearly Identical Circumstances, Another District Court Recently Ordered a Reduction in the Number of Asserted Claims ..................................... 3

   C. Visto's Assertion of 58 Claims is Overkill for a Case Involving a Single Product ................................................................................................................. 4

   D. Reducing the Number of Patent Claims Visto Asserts is Not a Due Process Violation ............................................................................................................... 4

   E. Visto Has The Information It Needs To Narrow Its Asserted Claims Today ........ 5

IV. CONCLUSION .................................................................................................................... 7

-ii-

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*High Point Sarl v. Sprint Nextel Corp.*,
   No. 09-CV-2269-DJW, 2010 U.S. Dist. LEXIS 30348 (D. Kan. Mar. 29, 2010) ...................... 3

*High Point Sarl v. Sprint Nextel Corp.*,
   No. 09-CV-2269-DJW, 2010 U.S. Dist. LEXIS 85497 (D. Kan. Aug. 18, 2010) ...................... 4

*In re Katz Interactive Call Processing Litigation*,
   639 F.3d 1303 (Fed. Cir. 2011) ............................................................................................. 4, 5

*O2Micro Int'l Ltd. v. Beyond Innovation Technology Co., Ltd.*,
   521 F.3d 1351 (Fed. Cir. 2008) ................................................................................................ 3

OTHER AUTHORITIES

FED. R. CIV. P. 1 .................................................................................................................................. 7

I.   **INTRODUCTION**

Excitor moves to limit Visto's asserted patent claims from 58 to ten. There is no question that Visto must reduce its claims—the parties' dispute is over the timing of claim reductions. Visto already acknowledged that it is impractical to present 58 claims at trial, and on two occasions, has even indicated to the Court that it would be amenable to selecting ten claims for trial. (*See, e.g.*, Ex. A,[1] June 20, 2012 Tr. at p. 10, line 13 – p. 11, line 2 ("We're certainly willing to narrow down from 58 claims. … Obviously we can't bring a 58 claim case to trial, we would go to some much lower number.").)

The Court should order Visto to narrow its claims now. Otherwise, the Court and parties will waste a great deal of time and money construing claim terms for patent claims that Visto has no intention of presenting at trial. Visto attempts to deflect Excitor's motion by arguing that it has already narrowed its claims, but that argument confuses the total number of claims in its patents with the number of claims asserted, which has always remained at 58. And Visto had no legitimate need to assert 58 claims in the first place. This litigation involves only a single accused product that has only been sold to four United States customers.

Visto also complains that ordering it to reduce the patent claims it is asserting would violate its right to due process. But Federal Circuit precedent holds that due process rights are not jeopardized unless the patent owner offers proof that unselected, dropped claims raise unique infringement or validity issues. Visto bears the burden of proof on this issue and it has never offered *any* evidence to substantiate its due process argument.

Visto's final argument against narrowing is that it needs more time and information to select claims for trial. This argument is undercut by its own admissions. Visto has twice

---

[1] All exhibits are attached to the Declaration of Christopher Campbell filed in support of Excitor's motion.

represented to the Court that it would be ready to begin narrowing its claims after receiving Excitor's non-infringement and invalidity contentions and source code—and it has had all of this information in its possession for weeks or months.

For all of these reasons, Excitor respectfully requests that the Court order Visto to reduce its asserted claims to ten without further delay.

II. **EXCITOR INCORPORATES BY REFERENCE THE MOTION TO LIMIT THE NUMBER OF CLAIMS ASSERTED IN THE NORTHERN DISTRICT OF TEXAS ACTION**

On September 20, the Court ordered a joint claim construction hearing in this case and Visto's Northern District of Texas action (No. 3:11-CV-2373) pending before Judge Lynn. During the September 20 hearing, the Court indicated that it already reviewed Little Red Wagon's and Fixmo's motion to limit Visto's claims from 58 to 10. To minimize reargument, Excitor incorporates that motion by reference herein. *See* Exhibit B.

III. **ARGUMENT**

A. **To Avoid Massive Wasted Effort, the Court Should Limit the Number of Claims Asserted by Visto Before the Claim Construction Hearing**

The Court will promote judicial economy and efficiency by streamlining this case now—in advance of the combined claim construction hearing in January 2013. If 58 patent claims remain at issue in January, the Court will need to decide hundreds of claim construction disputes involving claims that will not even be at issue when this case is tried. Visto is "playing the odds" by seeking advisory opinions on the meaning of 58 different patent claims so that it can cherry-pick the handful of claims (and claim constructions) that give it the best odds of prevailing at trial. Visto is misusing the claim construction process. Visto has no good faith basis for demanding that Excitor and the Court participate in the claim construction process for all 58 presently-asserted claims because it already acknowledged that it has no intention of presenting

all 58 of its asserted claims at trial. (Ex. A, June 20, 2012 Tr. at p. 11, lines 1-2 ("Obviously we can't bring a 58 claim case to trial, we would go to some much lower number.").)

In its motion to limit Excitor's affirmative defenses, Visto claims that it is no more burdensome for the Court to construe terms from 58 patent claims than it is to construe claims from ten. Visto is wrong. The Federal Circuit requires district courts to resolve every claim construction dispute that is potentially outcome-determinative to a litigation. *O2Micro Int'l Ltd. v. Beyond Innovation Technology Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008) ("When the parties present a fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it."). As the Court likely knows from its own experience, the number of claim construction disputes invariably multiplies as the number of asserted claims increases. This is unsurprising, because each new claim tends to put at-issue new words and phrases that do not exist in other claims. Even if the asserted claims are duplicative (as here), ambiguities inevitably arise in the additional patent claims that require court intervention. Reducing the number of asserted patent claims is the only effective and fair way to ensure that the burdens associated with the claim construction process do not become unreasonable for the parties and Court.

  B. **Under Nearly Identical Circumstances, Another District Court Recently Ordered a Reduction in the Number of Asserted Claims**

In a case with nearly identical facts, another district court recently ordered a reduction in the number of patent claims before the end of fact discovery and *Markman*. In *High Point Sarl v. Sprint Nextel Corp.*, High Point served infringement contentions alleging infringement of 125 claims in four patents. No. 09-CV-2269-CM-DJW, 2010 U.S. Dist. LEXIS 30348, at *5 (D. Kan. Mar. 29, 2010). Midway through the discovery period, the defendants moved to limit High Point's asserted claims to ten. *Id.* at *6. Initially, the court denied the motion and urged the parties to narrow the case themselves. *Id.* at *9-10.

3.

But the parties remained deadlocked and the court ultimately ordered a reduction in claims after invalidity and non-infringement contentions were served and the claim construction process had begun. *High Point Sarl v. Sprint Nextel Corp.*, No. 09-CV-2269-DJW, 2010 U.S. Dist. LEXIS 85497, at *8 (D. Kan. Aug. 18, 2010). With a claim construction hearing imminent, and the close of fact discovery four months away, the plaintiff still asserted 117 claims, and there were more than 60 disputed claim terms for construction. *Id*. The court concluded that the high volume of asserted claims made the case unmanageable, and ordered High Point to select 20 of its 117 asserted claims (roughly ten percent) for trial. *Id*. at *13. As in *High Point*, the Court should reduce the number of claims asserted by Visto from 58 to 10 to make it more manageable. A copy of the *High Point* court's order is attached as Exhibit C.

      **C.**      **Visto's Assertion of 58 Claims is Overkill for a Case Involving a Single Product**

Visto's refusal to limit the number of claims it is asserting is especially unreasonable in light of the facts of this case. Excitor's Dynamic Mobile Exchange (DME) software is the only product accused of infringement. Asserting 58 patent claims against a single product is overkill. Visto does not need to assert 58 patent claims against DME to protect its rights.

      **D.**      **Reducing the Number of Patent Claims Visto Asserts is Not a Due Process Violation**

Visto also argues that being compelled to reduce the number of patent claims it asserts would violate its due process rights. The Federal Circuit recently addressed this issue held that merely alleging a due process violation (as Visto does here) is not enough to forestall an order to streamline a case.

In *In re Katz Interactive Call Processing Litigation*, Katz asserted a total of 1,975 patent claims against 165 defendants in 25 actions. 639 F.3d 1303, 1309 (Fed. Cir. 2011). After the defendants moved to restrict the number of asserted claims, the district court ordered Katz to

4.

select 16 claims per defendant group, with the proviso that Katz could add more claims if the additional claims raised unique issues of infringement or validity. *Id*.

Katz appealed to the Federal Circuit, arguing that the order compelling it to limit its claims was a due process violation, and that it was improper to impose any burden on the patent owner to prove that its unselected claims raised unique issues of infringement or validity. *Id*. at 1311-12.  The Federal Circuit rejected Katz's due process arguments because Katz failed to show that any of the unselected claims raised novel issues.  *Id*.  The Federal Circuit also observed that "it was both efficient and fair to require Katz to identify those unasserted claims that, in Katz's view, raised separate legal issues from those raised by the asserted claims." *Id*.

According to *Katz*, the Court should reject Visto's due process argument.  Visto has presented no evidence that the claims it might drop raise unique infringement or validity issues.  And, as the tables attached as Exhibit D demonstrate, it is highly unlikely that Visto could make the showing required by *Katz* because its asserted claims are highly duplicative.  Accordingly, ordering Visto to reduce its asserted claims from 58 to 10 will not violate Visto's due process rights because there are no unique issues of infringement or validity that will remain after Visto selects 10 claims for trial.

E.   **Visto has the Information it Needs to Narrow its Asserted Claims Today**

When Excitor first proposed narrowing the number of claims asserted, Visto argued that narrowing was premature because Excitor had not provided enough discovery on its affirmative defenses.  Visto continues to make the same argument, but its previous admissions to the Court confirm that Visto would not be unfairly prejudiced if ordered to narrow its claims now.

Over the past four months, Visto has twice acknowledged to the Court that it would be prepared to narrow its claims after receiving Excitor's invalidity and non-infringement contentions.  For example, during the June 20 telephonic hearing with Judge Cott, Visto stated,

5.

"We're certainly willing to narrow down from 58 claims. **The issue becomes once we get their contentions, we know what they think they don't infringe and what they think is invalid, we can narrow down the claims for sure.**  Typically in these cases, once those contentions happen, the plaintiffs -- nominal plaintiff in this case -- we would narrow the case down for sure." (Ex. A, at 10:13–11:2 (emphasis added).)  Visto also admitted that it would narrow to ten claims after a claim construction order was entered.  (*Id*.)

More recently, during the parties' August 20, 2012 hearing, Visto reiterated that, although it disagreed with Excitor's proposed time line for narrowing claims, it was willing to reduce its asserted claims from 58 to ten, and that it could begin narrowing as soon as it received discovery from Excitor.  Visto stated, "we will reduce further, but we can only do so once we have gotten the discovery from Excitor and we understand what exactly is at issue here.  . . .  So we don't think we will be in a good place to decide what the ten claims are in the timetable you're suggesting, which is the very short-term, **but I do believe in the longer term we will be**."  (Ex. E, at 8:3-13 (emphasis added).)

In compliance with the litigation schedule and Court's orders, Excitor served non-infringement contentions on July 11, 2012, and invalidity contentions on August 14, 2012.  (Campbell Decl. ¶ 7.)  Excitor also produced DME source code to Visto on September 4, 2012, which it supplemented on September 10, September 17, and September 27.  (Campbell Decl. ¶ 8.)  Excitor produced the bulk of its technical documents to Visto on December 9, 2011, March 3, 2012, and July 11, 2012, and is in the process of completing its production of any remaining technical documents.  By its own admission, Visto possesses the information now that it needs to reduce the number of claims it is asserting.

IV.  **CONCLUSION**

Now is the time to streamline this case for trial by ordering Visto to reduce its asserted claims from 58 to 10.  Doing so will promote the just, speedy, and inexpensive determination of this action, and significantly reduce the burden and expense associated with the claim construction process.  FED. R. CIV. P. 1.  Visto has no legitimate reason to continue asserting 58 highly duplicative patent claims against the single product at issue in this litigation, and by its own admission, Visto possesses the information it needs to narrow its claims now.

Dated:  September 27, 2012

Respectfully Submitted,

COOLEY LLP

By:  /s/ *Christopher Campbell* (*pro hac vice*)

Jonathan Bach
1114 Avenue of the Americas
New York, NY  10036
(212) 479-6000
jbach@cooley.com

*Of Counsel*

Christopher C. Campbell (*pro hac vice*)
Philip E. Morton
One Freedom Square
Reston Town Center
11951 Freedom Drive
Reston, VA  20190-5656
(703) 456-8000
ccampbell@cooley.com
pmorton@cooley.com

Melissa H. Keyes
3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000
mkeyes@cooley.com

*Attorneys for Plaintiff Excitor A/S*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically on September 27, 2012. As such, this document was served on each party who is a registered user of ECF.

*/s/ Christopher Campbell*
Christopher Campbell

381643 v2/CO

8.